IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **REIDAR CARROLL ARDEN** | : | **CIVIL ACTION** |
| *Plaintiff* | : | |
| | : | **NO. 13-5596** |
| **v.** | : | |
| | : | |
| **UNITED STATES OF AMERICA** | : | |
| *Defendant* | : | |

NITZA I. QUIÑONES ALEJANDRO, J.                                    July 3, 2014

# MEMORANDUM OPINION

## INTRODUCTION

Plaintiff, Reidar Carroll Arden ("Plaintiff"), acting *pro se,* brought this second action against the United States of America ("Defendant"), seeking to compel the Federal Bureau of Prisons ("Bureau of Prisons" or "Agency"), a component of the United States Department of Justice, to produce documents responsive to a request for documents that he submitted under the Freedom of Information Act ("FOIA"), 5 U.S.C. §552, at or around the time that he commenced this action. [ECF 5]. In the complaint, Plaintiff asserts that this action was commenced because he could not wait for the Agency's response due to an applicable statute of limitations concern.[1]

Presently, before this Court is Defendant's motion to dismiss the complaint for lack of jurisdiction pursuant to Federal Rule of Civil Procedure (Rule) 12(b)(1). [ECF 9]. Plaintiff opposes the motion. [ECF 13]. The motion to dismiss is ripe for resolution. For the reasons stated herein, Defendant's motion to dismiss is granted.

---

[1] Plaintiff filed another FOIA action, *Arden v. United States*, No. 13-cv-3657 (E.D. Pa), involving the same facts and a similar request for documents related to his criminal prosecution, *United States v. Arden*, No. 98-cr-379, 2009 WL 1971392 (E.D. Pa., July 7, 2008).

**FACTUAL AND PROCEDURAL BACKGROUND**

In 2008, Plaintiff was convicted of fraud and money laundering offenses. *See United States v. Arden*, 2009 WL 1971392, *1 (E.D. Pa. July 7, 2008). After the district court denied Plaintiff's motion to vacate his conviction, Plaintiff appealed to the United States Third Circuit Court of Appeals, which affirmed his conviction and sentence of 96 months. *See United States v. Arden*, 433 F. App'x 127, 133 (3d Cir. 2011).

By application dated September 12, 2013, Plaintiff submitted a FOIA request to the Bureau of Prisons for the production of any record of any communication between his ex-wife, (Kimberly Ann McKillop), and FBI and other federal agents related to his criminal proceedings. According to documents attached to Defendant's motion to dismiss, including, *inter alia*, sworn declarations of Kimberly Blow and Priscilla Jones, the Bureau of Prisons received Plaintiff's FOIA request on September 23, 2013, four days after Plaintiff commenced this action. By letter dated September 24, 2013, Plaintiff was notified that the Bureau of Prisons was not the custodian of the records requested and that his request had been referred to the United States Department of Justice Criminal Division (DOJ).

By letter dated December 31, 2013, DOJ advised Plaintiff that the FOIA request was denied based upon FOIA disclosure exemptions, set forth at 5 U.S.C. §552(b)(6) and (7)(C),[2] and his right to administratively appeal the adverse decision. According to the declarations attached to Defendant's motion, Plaintiff has not administratively appealed DOJ's denial.

---

[2] Pursuant to these exemptions, an executive agency can withhold "records or information compiled for law enforcement purposes," or "personnel and medical files," if release of the records might constitute an "unwarranted invasion of personal privacy."

**LEGAL STANDARD**

A Rule 12(b)(1) motion to dismiss challenges the existence of subject matter jurisdiction. As the party invoking this Court's jurisdiction, Plaintiff bears the burden of proving that the requisite jurisdictional requirements are met. *Development Fin. Corp. v. Alpha Housing & Health Care, Inc.*, 54 F.3d 156, 158 (3d Cir. 1995); *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993). "[W]hen there is a fact question about whether a court has jurisdiction, the trial court may examine facts outside the pleadings . . . '[b]ecause at issue in a factual 12(b)(1) motion is the trial court's jurisdiction – its very power to hear the case.'" *Robinson v. Dalton*, 107 F.3d 1018, 1021 (3d Cir. 1997) (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). Therefore, this Court is free to consider evidence outside the pleadings to resolve factual issues bearing on the jurisdictional issue. *See Gotha v. United States*, 115 F.3d 176, 179 (3d Cir. 1997).

**DISCUSSION**

In its motion, Defendant seeks the dismissal of Plaintiff's complaint in its entirety for failure to exhaust administrative remedies. Before a plaintiff may seek relief from a district court for an executive agency's denial of a FOIA request, said plaintiff must first exhaust all administrative remedies. *McDonnell v. United States*, 4 F.3d 1227, 1240 (3d Cir. 1993) (holding that district court correctly declined to exercise subject matter jurisdiction where plaintiff failed to exhaust administrative remedies prior to filing suit); *Pellegrino v. U.S. Transp. Sec. Admin.*, 855 F.Supp.2d 343, 365 (E.D. Pa. 2012); *Berg v. Barack Obama*, 574 F.Supp.2d 509, 527 (E.D. Pa. 2008); 5 U.S.C. §552(a)(6)(A)(i). Under FOIA, a plaintiff must first file a request with the requisite executive agency and, if the request is denied, must fully exhaust administrative appeals

3

before commencing an action in federal court. *Id*.; *see also Sindram v. Fox*, 374 F. App'x 302, 304 (3d Cir. 2010) (affirming the dismissal of a FOIA action for failure to exhaust administrative remedies).

As stated, Plaintiff submitted a FOIA application dated September 12, 2013, which the Bureau of Prisons received on or about September 23, 2013, four days after Plaintiff commenced this action.  Nowhere in his complaint does Plaintiff allege that he administratively exhausted his FOIA request.  To the contrary, Plaintiff tacitly admits in his complaint his failure to exhaust administrative remedies by averring that he "cannot wait until the response is received from the FOIA office to file this case, as the statute of limitations would expire and he would be time barred," and that he "will amend the case with the response from the FOIA request at a later date."  Having failed to allege and/or demonstrate that Plaintiff exhausted his administrative remedies, Defendant's motion to dismiss is granted and Plaintiff's complaint is dismissed.[3]

**CONCLUSION**

For the reasons stated, this Court grants Defendant's motion to dismiss and dismisses, without prejudice, Plaintiff's claims for failure to exhaust administrative remedies.  An Order consistent with this memorandum opinion follows.

NITZA I. QUIÑONES ALEJANDRO, U.S.D.C. J.

---

[3] In response to Defendant's motion to dismiss, Plaintiff asserts that he has subsequently exhausted his administrative remedies, as evidenced by a January 8, 2014, letter from the Executive Office for United States Attorneys, attached to his response.  That letter, however, refers to a different FOIA request, FOIA-2014-00282, than the one underlying this action.  Moreover, the January 8, 2014, letter advises Plaintiff of his right and obligation to appeal that decision to the Office of Information Policy, prior to seeking judicial review in the U.S. District Court.  Thus, even with this information, it does not appear that Plaintiff has administratively exhausted the specific FOIA request referenced in the letter.  As such, Plaintiff has not met his burden of establishing administrative exhaustion of the FOIA request that is the subject of this action.